UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK,

                                    Plaintiff,

        -against-

GILBANE BUILDING COMPANY,

                                    Defendant.

**CIVIL ACTION NUMBER:
16-CV-07049 (JMF)**

**ANSWER TO FIRST
AMENDED COMPLAINT
WITH AFFIRMATIVE DEFENSES**

Defendant, Gilbane Building Company ("Gilbane"), by its attorneys, Peckar &

Abramson, P.C., hereby answers the Amended Complaint ("Complaint") of Plaintiff Mason

Tenders District Council of Greater New York:

## INTRODUCTION

1.      Gilbane denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "1" of the Complaint, except neither admits

nor denies the allegations regarding the duration and termination of the collective bargaining

agreement to which it is alleged that Plaintiff is party to, because the collective bargaining

agreement is a written document which speaks for itself and begs leave to refer to the terms

and conditions of the agreement at a trial of this action.

2.      Gilbane denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "2" of the Complaint, except neither admits

nor denies the allegations regarding the collective bargaining agreement to which it is alleged

that Gotham Construction Company, LLC ("Gotham") is a party to, because the collective

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

bargaining agreement is a written document which speaks for itself and begs leave to refer to the terms and conditions of the agreement at a trial of this action.

3.      Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Complaint.  Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff and/or that it violated any provision of any alleged collective bargaining agreement between Plaintiff and Gotham thereby causing Plaintiff damages.

4.      Gilbane neither admits nor denies the allegations regarding the meaning and purpose of the collective bargaining agreement contained in Paragraph "4" of the Complaint because the collective bargaining agreement is a written document which speaks for itself and begs leave to refer to the terms and conditions of the agreement at a trial of this action. Gilbane denies the allegations contained in paragraph "4" of the Complaint regarding unpaid wages, dues, assessments and contributions allegedly owed by it to the benefit funds for covered work performed since April 15, 2015.  Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

## JURISDICTION AND VENUE

5.      Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint, except admits that jurisdiction is purportedly invoked pursuant to the cited statutes.  Gilbane further denies that it violated any Federal, State and/or local statute, law, rule, regulation and/or collective bargaining agreement and/or that it engaged in any unlawful conduct with regard to Plaintiff that could give rise to a claim.



LAW OFFICES

Peckar &
Abramson
A Professional Corporation

-2-

6.      Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint, except admits that venue is purportedly invoked pursuant to the cited statute.  Gilbane further denies that it violated any Federal, State and/or local statute, law, rule, regulation and/or collective bargaining agreement and/or that it engaged in any unlawful conduct with regard to Plaintiff that could give rise to a claim.

## PARTIES

7.      Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8.      Gilbane admits the allegations contained in Paragraph "8" of the Complaint.

## FACTS

**THE CBA**

9.      Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10.     Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11.     Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint.

12.     Gilbane neither admits nor denies the allegations regarding the meaning and purpose of the collective bargaining agreement contained in Paragraph "12" of the Complaint because the collective bargaining agreement is a written document which speaks for itself and begs leave to refer to the terms and conditions of the agreement at a trial of this action. Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

13.     Gilbane neither admits nor denies the allegations regarding the meaning and purpose of the collective bargaining agreement contained in Paragraph "13" of the Complaint because the collective bargaining agreement is a written document which speaks for itself. Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

14.     Gilbane denies the allegations contained in Paragraph "14" of the Complaint.

15.     Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16.     Gilbane denies the allegations contained in Paragraph "16" of the Complaint.

17.     Gilbane denies the allegations contained in Paragraph "17" of the Complaint.

18.     Gilbane denies the allegations contained in Paragraph "18" of the Complaint.

19.     Gilbane denies the allegations contained in Paragraph "19" of the Complaint.

20.     Gilbane denies the allegations contained in Paragraph "20" of the Complaint.

21.     Gilbane denies the allegations contained in Paragraph "21" of the Complaint.

22.     Gilbane denies the allegations contained in Paragraph "22" of the Complaint.

23.     Gilbane denies the allegations contained in Paragraph "23" of the Complaint.

24.     Gilbane denies the allegations contained in Paragraph "24" of the Complaint.

25.     Gilbane denies the allegations contained in Paragraph "25" of the Complaint as well as all of its subparts and subparagraphs.

26.     Gilbane denies the allegations contained in Paragraph "26" of the Complaint.

27.     Gilbane denies the allegations contained in Paragraph "27" of the Complaint and further denies that it is party to any collective bargaining agreement with Plaintiff.

28.     Gilbane denies the allegations contained in Paragraph "28" of the Complaint and further denies that it is party to any collective bargaining agreement with Plaintiff.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

-4-

## FIRST CAUSE OF ACTION
## AGAINST GILBANE AS DE FACTO MERGED ENTITIES WITH GOTHAM

29.     In response to Paragraph "29" of the Complaint, Gilbane repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "28" of this Answer with the same force and effect as if fully set forth herein.

30.     Paragraph "30" of the Complaint sets forth a legal conclusion which Gilbane is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Gilbane denies the allegations contained in Paragraph "30" of the Complaint.

31.     Gilbane denies the allegations contained in Paragraph "31" of the Complaint.

32.     Paragraph "32" of the Complaint and its subparts and subparagraphs sets forth a legal conclusion which Gilbane is not obligated to answer; to the extent that any part of paragraph "321" may be read as setting forth any allegations of fact, Gilbane denies the allegations contained in Paragraph "32" of the Complaint.

33.     Gilbane denies the allegations contained in Paragraph "33" of the Complaint.

34.     Gilbane denies the allegations contained in Paragraph "34" of the Complaint.

35.     Gilbane denies the allegations contained in Paragraph "35" of the Complaint.

36.     Gilbane denies the allegations contained in Paragraph "36" of the Complaint.

## SECOND CAUSE OF ACTION
## AGAINST GILBANE AS JOINT EMPLOYER WITH GOTHAM

37.     In response to Paragraph "37" of the Complaint, Gilbane repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "36" of this Answer with the same force and effect as if fully set forth herein.

38.     Gilbane denies the allegations contained in Paragraph "38" of the Complaint.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

39.     Gilbane neither admits nor denies the allegations regarding the meaning and purpose of the collective bargaining agreement contained in Paragraph "39" of the Complaint because the collective bargaining agreement is a written document which speaks for itself and begs leave to refer to the terms and conditions of the agreement at a trial of this action. Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

40.     Gilbane denies the allegations contained in Paragraph "40" of the Complaint.

41.     Gilbane denies the allegations contained in Paragraph "41" of the Complaint.

42.     Gilbane denies the allegations contained in Paragraph "42" of the Complaint and all of its subparts and subparagraphs.

43.     Gilbane denies the allegations contained in Paragraph "43" of the Complaint and all of its subparts and subparagraphs.

44.     Gilbane denies the allegations contained in Paragraph "44" of the Complaint.

45.     Gilbane denies the allegations contained in Paragraph "45" of the Complaint. Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

46.     Gilbane denies the truth of the allegations contained in Paragraph "46" of the Complaint.  Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff and/or that it has caused Plaintiff any damages.

### THIRD CAUSE OF ACTION
### AGAINST GILBANE AS A SINGLE EMPLOYER WITH GOTHAM

47.     In response to Paragraph "47" of the Complaint, Gilbane repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "46" of this Answer with the same force and effect as if fully set forth herein.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

48.     Paragraph "48" of the Complaint sets forth a legal conclusion which Gilbane is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Gilbane denies the allegations contained in Paragraph "48" of the Complaint.

49.     Paragraph "49" of the Complaint sets forth a legal conclusion which Gilbane is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Gilbane denies the allegations contained in Paragraph "49" of the Complaint.

50.     Gilbane denies the allegations contained in Paragraph "50" of the Complaint.

51.     Paragraph "51" of the Complaint and its subparts and subparagraphs sets forth a legal conclusion which Gilbane is not obligated to answer; to the extent that any part of paragraph "51" may be read as setting forth any allegations of fact, Gilbane denies the allegations contained in Paragraph "51" of the Complaint.

52.     Gilbane denies the allegations contained in Paragraph "52" of the Complaint.

53.     Gilbane denies the allegations contained in Paragraph "53" of the Complaint. Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

54.     Gilbane denies the allegations contained in Paragraph "54" of the Complaint. Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

55.     Gilbane denies the allegations contained in Paragraph "55" of the Complaint. Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff and/or that it has caused Plaintiff any damages.

## FOURTH CAUSE OF ACTION
## AGAINST GILBANE AS A PERFECTLY CLEAR SUCCESSOR TO GOTHAM

56.     In response to Paragraph "56" of the Complaint, Gilbane repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "55" of this Answer with the same force and effect as if fully set forth herein.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

57.     Paragraph "57" of the Complaint and its subparts and subparagraphs sets forth a legal conclusion which Gilbane is not obligated to answer; to the extent that any part of paragraph "57" may be read as setting forth any allegations of fact, Gilbane denies the allegations contained in Paragraph "57" of the Complaint.

58.     Gilbane denies the allegations contained in the second Paragraph "58" of the Complaint.

59.     Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "59" of the Complaint.  Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

60.     Gilbane denies the allegations contained in Paragraph "60" of the Complaint.

## FIFTH CAUSE OF ACTION
## AGAINST GILBANE TO DECLARE IT BOUND TO THE CBA

61.     In response to Paragraph "61" of the Complaint, Gilbane repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "60" of this Answer with the same force and effect as if fully set forth herein.

62.     Gilbane neither admits nor denies the allegations regarding the meaning and purpose of the letter identified in Paragraph "62" of the Complaint because the letter is a written document which speaks for itself and begs leave to refer to the terms and conditions of the letter at a trial of this action.  Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

63.     Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "63" of the Complaint.  Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

64.     Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "64" of the Complaint.  Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

65.     Gilbane denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "65" of the Complaint.  Gilbane further denies that it is party to any collective bargaining agreement with Plaintiff.

66.     Gilbane denies the allegations contained in Paragraph "66" of the Complaint.

67.     Gilbane denies the allegations contained in Paragraph "67" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

68.     The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

69.     Plaintiff's claims alleging that Gilbane violated a collective bargaining agreement is barred, in whole or in part, as preempted by the Labor Management Relations Act/National Labor Relations Act; Gilbane was not and is not party to the alleged agreement and, in any event, Plaintiff is not entitled to any relief under the alleged collective bargaining agreement.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70.     Plaintiff failed to exhaust administrative remedies.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

71.     Plaintiff's claims are barred by the doctrine of waiver.



LAW OFFICES

Peckar &
Abramson
A Professional Corporation

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

72.     Plaintiff lacks standing to assert some or all of the claims alleged in the complaint.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

73.     Plaintiff's claims are barred by the doctrine of estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

74.     Plaintiff's claims are barred by the statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

75.     The Court lacks subject matter jurisdiction over all or some of Plaintiff's claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are barred by the statute of frauds.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred by the Labor Management Relations Act/National Labor Relations Act.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

78.     Plaintiff's claims are barred, because Gilbane is not, nor has it ever been, a party to any collective bargaining agreement with Plaintiff .

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

79.     Gilbane is not, and never has been, a participating employer in any of the Plaintiff's Funds and therefore Plaintiff has no claim for contributions against Gilbane.

### AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

80.     Plaintiff's claims are barred, in whole or in part, because the employees from



LAW OFFICES

Peckar &
Abramson
A Professional Corporation

whom contributions are sought have no colorable claims for benefits from Plaintiff's Benefit Funds.

### AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

81.     Plaintiff's claims are barred, in whole or in part, due to Plaintiff's picket and strike activity and refusal provide manpower to employers who are signatory to its collective bargaining agreements at various project sites including but not limited to 1 Wall Street, New York, New York.

**WHEREFORE**, Gilbane Building Company demands the following:

a.      Judgment dismissing the Complaint in its entirety with prejudice;

b.      Judgment granting Gilbane Building Company costs and reasonable attorney's fees incurred in this action;

c.      together with such other and further relief as the Court deems just and proper.

PECKAR & ABRAMSON, P.C.

By:

AARON C. SCHLESINGER
Attorneys for Defendant
Gilbane Building Company
41 Madison Avenue, 20th Floor
New York, New York 10010
(212) 382-0909
aschlesinger@pecklaw.com

Dated: New York, New York
       January 18, 2017

To:     Thomas M. Kennedy, Esq.
        Kennedy, Jennik & Murray, P.C.
        Attorneys for Plaintiff
        Mason Tenders District Council of Greater New York
        113 University Place, 7th Floor
        New York, New York 10003
        (212) 358-1500
        tkennedy@kjmlabor.com

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

-11-

## DECLARATION OF SERVICE

I declare that, on this date, a copy of this Answer with Affirmative Defenses was electronically served pursuant to Local Civil Rule 5.2 upon counsel for Plaintiff as follows:

> Thomas M. Kennedy, Esq.
> Kennedy, Jennik & Murray, P.C.
> Attorneys for Plaintiff
> Mason Tenders District Council of Greater New York
> 113 University Place, 7th Floor
> New York, New York 10003
> (212) 358-1500
> tkennedy@kjmlabor.com

Dated: New York, New York
        January 18, 2017

By: _____
    AARON C. SCHLESINGER

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

-12-